NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANNETTE RIVERA,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3019

---

Petition for review of the Merit Systems Protection Board in Case No. AT0752110696-I-1.

---

Decided: May 11, 2012

---

ANNETTE RIVERA, of Atlanta, Georgia, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, BRYSON, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Annette Rivera appeals from the final decision of the Merit Systems Protection Board ("the Board") dismissing her appeal as untimely filed. *Rivera v. Dep't of the Treasury*, No. AT-0752-11-0696-I-1 (M.S.P.B. Jan. 17, 2012). Because the Board correctly dismissed her appeal as untimely filed without good cause for the delay, we affirm.

BACKGROUND

Rivera was removed from her position as a Contact Representative working for the Internal Revenue Service in Atlanta, Georgia, effective on or about August 7, 2006. At the time of her removal, she was notified of her appeal rights to the Board, including the time for her to file an appeal and the address where that appeal should be filed. She appealed to the Board approximately four years later. The administrative judge ("AJ") issued an Order on Timeliness on August 24, 2011, determining that her appeal was late. The AJ requested that Rivera establish within 10 calendar days that either her appeal was timely or there was good cause for the delay. The AJ also stated that "the record on the timeliness issue will close on the date the appellant's response is due," and the AJ "will not accept any more evidence or argument on that issue that is filed after that date unless the party submitting it shows it was not readily available prior to the close of the record." RA 31–32. Rivera informed the AJ prior to the expiration of the 10-day window that she did not have anything additional to add and would not be filing a response. Having received no response from Rivera, the AJ issued an initial decision on September 8, 2011. Rivera, contrary to her earlier representations, then filed her response to the Order on Timeliness after the AJ's initial decision was issued, and it was not considered.

The AJ determined that Rivera's appeal to the board was four years after her removal, outside the 30-day filing deadline. The AJ considered that Rivera suffered from depression and anxiety, but found that the medical conditions alone were insufficient to establish good cause for the delay, especially in light of Rivera's filings relating to other proceedings during the four-year period. As her filing was untimely without good cause shown, the AJ dismissed her appeal. Rivera petitioned the full Board for review. While that petition was pending, she filed her petition for review at this court and withdrew her petition pending before the Board. The Board issued a final order dismissing Rivera's petition for review as withdrawn with prejudice to refiling. The AJ's decision became the final decision of the Board, and her appeal to this court followed.

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

Rivera argues that the Board failed to consider all her medical conditions—including depression, anxiety, pain, and other disabilities—as good cause for the delay in

filing, and she alleges that, while proceeding pro se, she was misled on the proper procedures to use for appeal (*i.e.*, that she was given the wrong forms, docket numbers, and filing address).

The government responds that substantial evidence supports the Board's decision not to waive the filing deadline. The government notes that Rivera was provided ample opportunity to submit evidence and argument to show good cause for the four-year delay in filing her appeal, but she represented to the AJ she had nothing more to add and would not be submitting a response. The government adds that the response she eventually filed was outside the 10-day window set by the AJ to respond. Thus, the government argues that the AJ properly concluded that there was no showing that Rivera had good cause for the delay or that her medical conditions (depression and anxiety) prevented her from filing an appeal in a timely manner, and hence properly dismissed the appeal.

We agree with the government that the Board did not err in finding that Rivera's submission was untimely filed without good cause or due diligence. Rivera was removed from her position, effective August 7, 2006. Despite being provided with notice of her appeal rights, contact information regarding filing an appeal, and the relevant time deadlines at the time of her removal, her appeal went unfiled for approximately four years. Even though Rivera was proceeding pro se, Rivera did not show that her illness (which the AJ acknowledged) or any other reason rendered her unable to file within the time required by the Board's regulations. On the contrary, the evidence shows that within this time frame she participated in other proceedings, requesting and appearing for hearings to testify on her own behalf, despite her various medical conditions. The Board properly did not consider Rivera's response to the Order on Timeliness, as it was likewise

untimely filed.  *See Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1105 (Fed. Cir. 2011) (noting that the AJ is divested of jurisdiction after the initial order dismissing for lack of jurisdiction, specifically stating that after the initial decision an AJ cannot consider untimely evidence submissions).

We have considered Rivera's remaining arguments and do not find them persuasive.  While the Board may waive a time limit for good cause, the Board's determination that Rivera failed to show such good cause was supported by substantial evidence.  We therefore conclude that the Board did not err in dismissing her appeal as untimely filed.  Accordingly, we affirm.

## AFFIRMED

### COSTS

No costs.